UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMAN BURROUGHS,<br><br>       Plaintiff,<br>-against-<br><br>WESTCHESTER SUPREME COURT; NYC CRIMINAL COURT; HARLAN BELLEVUE METROPOLITAN HOSPITAL; MOUNT SINAI ST. LUKE ROOSEVELT HOSPITAL; CHASE BANK; KEENER SWARTZ ACCESS BOULAVARD SHELTER; NYC POLICE DEPT; U.S. POST OFFICE; WHITE HOUSE; and FBI,<br><br>       Defendants. | 23-CV-5728 (PGG) (BCM)<br><br>ORDER OF DISMISSAL |

PAUL G. GARDEPHE, United States District Judge:

    Defendants United States Postal Service ("USPS"), the Federal Bureau of Investigation ("FBI"), the President of the United States, and the National Aeronautics and Space Administration ("NASA") (collectively, the "Federal Defendants"), by their attorney, Damian Williams, United States Attorney for the Southern District of New York, removed this action to this court under 28 U.S.C. § 1442(a)(1), from New York Supreme Court, New York County. (Dkt. No. 1.) As set forth in this order, the Court dismisses the complaint under the doctrine of sovereign immunity, the Eleventh Amendment, and for failure to state a claim, but grants Plaintiff 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when filing fees have been paid, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)),

or that the Court lacks subject matter jurisdiction, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).[1] The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).

The Court is obliged, however, to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from Plaintiff's hand-written, state-court complaint, which was filed on August 9, 2019, in New York Supreme Court, New York County. (Dkt. No. 1 at 3) Plaintiff's submission consists of a list of federal, state, city, and private entities, with no causes of action attributable to any of the entities listed throughout the complaint; it is unclear whether some of the entities listed are in fact defendants. In any event, in addition to the Federal Defendants, Plaintiff appears to name (1) the Westchester Supreme Court and the New York City Criminal Court (collectively, the "State Court Defendants"); (2) the New York City Police Department ("NYPD") and Bellevue Hospital, which is operated by the New York City Health + Hospitals ("H+H"),[2] (collectively, the "City Defendants"); and (4) Schwartz Assessment Shelter, operated by Volunteers of America,[3] Mount Sinai St. Luke's Hospital ("Mount Sinai"), and

---

[1] Plaintiff did not pay the filing fees to initiate this action, but neither did he request to proceed in forma pauperis ("IFP"), 28 U.S.C. § 1915. Thus, the required screening under the IFP statute, id. § 1915(e)(2)(B), does not apply to this case.

[2] See https://www.nychealthandhospitals.org/locations/bellevue/ (last visited July 26, 2023).

[3] According to the Volunteers of America ("VOA") website, VOA operates the Schwartz Assessment Shelter on Ward's Island, which may be the same shelter Plaintiff references in his complaint. See Volunteers of America, Greater New York, Housing/Homelessness, Emergency

2

Chase Bank (collectively, the "Private Defendants").

Interspersed with the listing of these entities are Plaintiff's scattered statements, including: "sexual assaulted + sodomy . . . refuse + deny dismissal cases 1974 armed robbery judge of 1974 prosed to dismiss case 1979 statute of limitations demands dismissal recusals." (Dkt. No. 1-1, at 3.) Plaintiff also includes the following statement, which qualifies as his sole allegation:

> emergency teams took me to Mount Sinai Hospital . . . broken ankle leg + wrist sodomy + sexual assaults clients have to[o] much personal information from police + staff violation of privacy act hearsay information defamation of character negligence Martin Luther King toward tenants committed sexual assault sodomy in front of Mother Joseph . . . robbed me.

(Id. at 4.) For relief, he seeks $25,000,000 in lost wages.

The Federal Defendants state in their notice of removal that Defendant USPS received a copy of the complaint on August 15, 2019, by certified mail, and indicate that the other Federal Defendants were not served.[4] (Id. at 2.) It is unclear whether any other named defendant has been served with the complaint.

---

Shelter, http://www.voa-gny.org/emergency-shelter (last visited July 26, 2023).

[4] The Notice of Removal, on its face, appears to be untimely. Section 1446(g) requires that an action be removed within 30 days of being served with notice of the proceeding. USPS concedes that Plaintiff served it with a copy of the complaint on August 15, 2019, but argues that the limitation period has not begun because the complaint is incomprehensible and does not state a claim against the Federal Defendants. The Court need not consider whether the Notice of Removal is timely because Plaintiff has not raised a timeliness challenge to removal under 1442(a)(1), and any objection to the timing of removal is waived unless asserted within thirty days of removal. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...."); Orange Cnty. Water Dist. v. Unocal Corp., 584 F.3d 43, 50 n.13 (2d Cir. 2009) (noting that "[s]ome nonsubstantive defects regarding removal can be waived, . . . [including] mistakes in the timing . . . of the removal") (citations omitted).

## DISCUSSION

A.   **Federal Defendants**

Any claim Plaintiff may be asserting against the Federal Defendants is barred under the doctrine of sovereign immunity. The doctrine bars federal courts from hearing all suits against the federal government, except where sovereign immunity has been waived. United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) ("Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent."). Thus, to the extent Plaintiff seeks relief from the USPS, the FBI, the President of the United States, and NASA, these Defendants are immune from such relief, and the Court dismisses the claims against these Defendants under the doctrine of sovereign immunity.

B.   **State Court Defendants**

To the extent Plaintiff seeks to bring claims against the State Court Defendants, any such claims would be barred under the Eleventh Amendment to the United States Constitution. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." Id. Moreover, any claims brought under 42 U.S.C. § 1983 also are barred under the Eleventh Amendment because New York has not waived its Eleventh Amendment immunity to be sued in federal court. See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses any claims Plaintiff may be attempting to assert against the State Court Defendants.

## C.     City and Private Defendants

To the extent Plaintiff seeks relief from the City and Private Defendants, he does not state facts suggesting a violation of his rights by these Defendants. Even construing the complaint as asserting claims under Section 1983, the Court concludes that it does not state a valid claim against these Defendants.

### 1.     City Defendants

Plaintiff names as Defendants both the NYPD and Bellevue Hospital, which is operated by H+H. Ordinarily, the Court would construe any claims brought against the NYPD as brought against the City of New York,[5] and any claims brought against Bellevue Hospital as brought against H+H. However, the complaint does not warrant such construction because Plaintiff does not attribute any conduct to the City Defendants. Generally, when a plaintiff sues a municipality under Section 1983, the plaintiff must show that the municipality caused the violation of the plaintiff's rights.[6] See Connick v. Thompson, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978)); Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011). Even construing the complaint as brought against the City of New York and H+H, the Court finds that Plaintiff does not allege

---

[5] The NYPD is not an entity that can be sued. See N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); see also Emerson v. City of New York, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

[6] "As a municipal corporation, [H+H's] liability under § 1983 is governed by the principles set forth in Monell v. Department of Social Services and its progeny. Simpkins v. Bellevue Hosp., 832 F. Supp. 69, 73 (S.D.N.Y. 1993) (citing Rookard v. Health & Hosps. Corp., 710 F.2d 41, 44-45 (2d Cir.1983); Brown v. Coughlin, 758 F. Supp. 876, 884 (S.D.N.Y.1991)).

5

any facts to support a viable claim. The Court therefore dismisses Plaintiff's claims against the City Defendants for failure to state a claim.

### 2. Private Defendants

The complaint also does not state facts suggesting that any of the Private Defendants were involved in any conduct regarding Plaintiff, except Plaintiff's allegation of a sexual assault that possibly occurred at Mount Sinai Hospital. But even if the Court were to construe the complaint as asserting claims against Mount Sinai and the other private defendants, arising under Section 1983, private parties generally are not liable under the statute. Sykes v. Bank of America, 723 F.3d 399, 406 (2d Cir. 2013) (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because Plaintiff would need to show that conduct on the part of Mount Sinai, Chase Bank, and a VOA shelter, is attributable to the state,[7] and he does allege such facts, he does not state Section 1983 claims against the Private Defendants. Accordingly, the Court dismisses any claims Plaintiff seeks to bring against these Defendants for failure to state a claim.

### D. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

---

[7] The activity of a private entity or its employees can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity either willfully participates in joint activity with the state or performs functions that are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). See Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the challenged actions of the private entity are "fairly attributable" to the state. Id. (citing Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)).

only state-law claims remain, the federal court should decline the exercise of jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court arguably has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. See Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, where a district court dismisses an action for failure to state a claim, the plaintiff must be "given notice and an opportunity to be heard." Wachtler, 35 F.3d at 82. Thus, the Court grants Plaintiff 30 days' leave to file an amended complaint to state a valid claim against the City and/or the Private Defendants.

## CONCLUSION

The Court dismisses all claims brought against the Federal Defendants (the USPS, the FBI, the President of the United States, and NASA) under the doctrine of sovereign immunity. The Court also dismisses all claims brought against the State Court Defendants (Westchester Supreme Court and New York City Criminal Court) under the Eleventh Amendment. The Court grants Plaintiff 30 days' leave to file an amended complaint against the City Defendants (New York City and H+H) and/or the Private Defendants (the Schwartz Assessment Shelter, Mount

7

Sinai St. Luke's Hospital, and Chase Bank). If Plaintiff does not file an amended complaint within 30 days of the date of this order, the Court will direct the Clerk of Court to enter judgment.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 23, 2023
New York, New York

*[Signature: Paul G. Gardephe]*

PAUL G. GARDEPHE
United States District Judge